United States District Court
for the
Northern District of Florida
Panama City Division

| | |
|---|---|
| **Professional Title LLC,** | |
| and | |
| **Avest LLC,** | |
| and | |
| **Michael Howell,** | Civil Action No. _____ |
| and | *Jury Trial Demanded* |
| **Michael Alvis,** | *Electronically Filed* |
| **Plaintiffs** | |
| v. | |
| **The Bank of Bonifay**<br>300 Waukesha St.<br>Bonifay, FL 32425 | |
| Serve: Michael A. Medley<br>300 N. Waukesha St.<br>Bonifay, FL 32425 | |
| **Defendant** | |

## COMPLAINT

Come the Plaintiffs, PROFESSIONAL TITLE LLC ("Professional Title"), AVEST LLC ("Avest"), MICHAEL HOWELL, AND MICHAEL ALVIS, by counsel, and for their Complaint against Defendant The Bank of Bonifay (the "Bank"), state as follows:

## PARTIES

1. Plaintiff, Professional Title is a Florida limited liability company in good standing with a principal place of business at 124 E. Virginia Ave., Bonifay, FL 32425.

2. Plaintiff, Avest is a Florida limited liability company in good standing with a principal place of business at 115 North Waukesha St., Bonifay, FL 32425.

3. Plaintiff, Michael Howell is an individual with a principal residence in Holmes County, Florida.

4. Plaintiff, Michael Alvis is an individual with a principal residence in Holmes County, Florida.

5. Defendant, the Bank is a Florida corporation in good standing with a principal place of business at 300 N. Waukesha St., Bonifay, FL 32425.

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as at least one claim arises under the laws and Constitution of the United States.

7. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367 because the claims are so related that they form part of the same case or controversy.

8. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) as the parties have offices within this District and the claims arise here.

## FACTUAL ALLEGATIONS

9. Alvis is the sole member of Avest, and Avest and Howell are members of Professional.

10. Professional is a title company in Bonifay, FL. Because Professional provides the best value for customers, it had a high volume of customers. As a result, it was extremely successful.

11. Unrelated to Professional, Howell and Alvis purchased a farm located at 3336 Williams Road, Bonifay, Florida 32425. Each paid for one-half of the purchase price. The farm was divided into two parcels. The "front" parcel is owned by Howell. The "back" parcel was owned by Avest, and consists of approximately ninety-one acres. So as to not make the back parcel land-locked, Howell granted a non-transferable easement to Alvis.

12. Alvis and Avest borrowerd funds from the Bank to fund his portion of the purchase price of the farm. The Bank knew of the easement granted by Howell, and the Bank knew at the time it loaned funds to Alvis and Avest that the easement was non-transferable.

13. Alvis owned an adjoining property to the back parcel that made the back parcel accessible to a roadway. On information and belief, the Bank knowingly created its mortgage to exclude the adjoining property. Thus, the Bank made the mortgage property land-locked, but for the non-transferable easement granted by Howell.

14. The Bank obtained a title policy from Professional for the transaction. Fidelity National gave a title policy issuing marketable title.

15. Alvis got behind in his payments to the Bank. When Alvis got behind, the Bank, through its officers or agents, told loan officers that because Alvis was behind in his payments, no one was to do business with Professional.

16. Later, the Bank initiated a foreclosure proceeding against Alvis and Avest. The Bank obtained a default judgment. The back parcel was sold, but there was a deficiency. The Bank obtained a deficiency judgment against Alvis and Avest for approximately $157,000 representing the difference in the sale price of the property and the amount owed by Alvis.

17. The Bank became aware of the non-transferable easement. An appraisal was conducted, and the appraisal indicated that the difference in the value of the back parcel as land-locked versus non-land-locked was approximately $157,000. The Bank then filed a claim against the title policy, issued by Fidelity National, for not listing the non-transferable easement as an exception to the title. The approximately $157,000 claim also represents the difference in the value of the back parcel and the amount loaned for the property.

18. The Bank is continuing its policy of refusing to do business with Professional.

## CAUSES OF ACTION

## COUNT I

### VIOLATION OF THE SHERMAN ACT

19. Plaintiffs restate, reallege and incorporate by reference paragraphs 1 through 17 as if fully set forth herein.

20. In the Holmes County, FL area, there exists a market for title insurance.

21. The Bank, its officers and agents conspired to deny Professional access to the market in order to stifle competition among participants for title insurance.

22. The Bank's, its officers' and agents' decision to deny access to the market to Professional constitutes an illegal restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

23. The Bank had a motivation to deny Professional access to the market in order to force Alvis into foreclosure and directly injure and force Professional out of business.

24. The means used by the Bank to achieve its goals were exclusionary and not legitimate means of competition and were intended to impede, prevent, and destroy competition in the market.

25. The refusal to deal is a violation of Section 1 of the Sherman Act and injured Plaintiffs business. As a direct and proximate result, Plaintiffs are entitled to damages.

## COUNT II

VIOLATION OF THE ANTI-TYING PROVISION OF THE BANK HOLDING ACT

26. Plaintiffs restate, reallege and incorporate by reference paragraphs 1 through 24 as if fully set forth herein.

27. The Bank engaged in a tying arrangement by conditioning credit to bank customers on the refusal to obtain title insurance from Professional which is not usual in the banking industry.

28. As a result of the Bank's violation of the anti-tying provision of the Bank Holding Act, 12 U.S.C. § 1972(1)(E), Plaintiffs were damaged.

## COUNT III

### TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS ADVANTAGE

29. Plaintiffs restate, reallege and incorporate by reference paragraphs 1 through 27 as if fully set forth herein.

30. Professional had a going business concern providing title insurance to borrowers in Holmes County, FL.

31. The Bank knew Professional had a going business concern providing the majority of title insurance policies to the Bank's customers.

32. The Bank, its officers and agents intentionally and without legitimate justification took a course of action to interfere with Professional's prospective business advantage in Holmes County, FL.

33. The Bank's intentional tortuous interference was the direct and proximate cause of damages to Plaintiffs.

## COUNT IV

### FRAUDULENT CLAIM ON TITLE INSURANCE POLICY

34. Plaintiffs restate, reallege and incorporate by reference paragraphs 1 through 32 as if fully set forth herein.

35. The Bank, knowing that it did not have a valid title insurance policy claim, represented to the title insurance company that it had a valid title policy claim.

36. The Bank made material false representations relating to the title policy claim.

37. The Bank knew at the time it made the title policy claim that the representations were false.

38. The Bank intended that the title insurance company rely upon the misrepresentations in deciding whether or not to pay the claim.

39. As a result of the Bank's misrepresentations, Plaintiffs have been damaged.

## COUNT V

### UNJUST ENRICHMENT

40. Plaintiffs restate, reallege and incorporate by reference paragraphs 1 through 38 as if fully set forth herein.

41. The Bank has obtained a judgment against Alvis and Avest representing the difference in the value of the back parcel as land-locked versus non-land-locked.

42. The Bank has filed a claim against the title insurance policy representing the same lost value.

43. The Bank is entitled to only one recovery, and the Bank is unjustly enriched by entitlement to payment twice for the same damage.

**WHEREFORE**, Plaintiffs pray for relief as follows:

    i. Compensatory damages against Defendant in an amount to be determined by the evidence presented at trial,

    ii. Punitive damages against Defendant in an amount to be determined by the evidence at trial,

    iii. Treble damages pursuant to 15 U.S.C. § 15,

    iv. Treble damages pursuant to 12 U.S.C. § 1975,

v.   All costs incurred to bring this action including reasonable attorneys' fees pursuant to 15 U.S.C. § 15, and 12 U.S.C. § 1975,

vi.   And any other such relief that this Court may deem proper, and

vii.   Trial by Jury.

Respectfully submitted,

/s/ Laurence J. Zielke
Laurence J. Zielke
ZIELKE LAW FIRM, PLLC
462 South Fourth Street
1250 Meidinger Tower
Louisville, KY 40202
(502) 589 – 4600
lzielke@zielkefirm.com