IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PROFESSIONAL TITLE LLC,
AVEST LLC, MICHAEL AVIS,
and MICHAEL HOWELL,

    Plaintiffs,

vs.                                         CASE NO. 5:10-cv-72/RS-EMT

FDIC, as receiver for the
Bank of Bonifay,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Dismiss (Doc. 38), and Plaintiffs' Response in Opposition (Doc. 51). Plaintiffs have not addressed the substantive issues raised by the Motion, but have notified the court of a pending settlement. The purported settlement does not delay my ruling on the Motion to Dismiss as Plaintiffs have not satisfied Fla. N.D. Loc. R. 7.1(B) by conferring with the opposing party and jointly requesting a delay.

### Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct.

2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

**Background**

While all of the facts are not entirely clear, it appears that Plaintiff Michael Howell ("Mr. Howell") and Plaintiff Michael Alvis ("Mr. Alvis") purchased farmland located in Bonifay, Florida. At some point, Messrs. Howell and Alvis divided the farm into two parcels, leaving Mr. Alvis' parcel "landlocked." Mr. Howell granted Mr. Alvis a non-transferable easement to ensure access to his parcel. Mr. Alvis was also the owner of another parcel of land that adjoined the "landlocked" parcel making access to the "landlocked" possible via two routes (Doc. 1, p. 2-4).

To fund the purchase, Mr. Alvis and Plaintiff Avest LLC ("Avest") borrowed funds from Defendant. Defendant took a mortgage interest in the "landlocked" property and title insurance was provided by Plaintiff Professional Title LLC ("Professional Title"). Professional Title is owned by Mr. Howell and Avest. Avest is in turn owned by Mr. Alvis (Doc. 1, p. 2-4).

Mr. Alvis and Avest fell behind in their mortgage payments, and Defendant foreclosed. This foreclosure action resulted in Defendant taking title to the "landlocked" property and obtaining a deficiency judgment. Defendant also filed a claim against the title policy based on lack of access (Doc. 1, p. 3).

Plaintiffs claim that Defendant knew of the easement granted by Mr. Howell, and also knew that the easement was non-transferrable (Doc. 1, p. 3). Plaintiffs also allege

that as a result of Mr. Alvis' problems with the mortgage payment, Defendant instructed its loan officers that "no one was to do business with Professional [Title]."

## Analysis

**The Sherman Act**

Plaintiffs claim that Defendant has violated Section 1 of the Sherman Act, 15 U.S.C. § 1. Section 1 of the Sherman Act provides that "every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." *Id*. "A section 1 plaintiff must prove an agreement between two or more persons to restrain trade, because unilateral conduct is not illegal." *Levine v. Central Fla. Medical Affiliates*, 72 F.3d 1538, 1546 (11th Cir. Fla. 1996). Here, nothing in the complaint alleges any form of actionable agreement. Plaintiffs merely allege that Defendant "conspired to deny Professional [Title] access to the market in order to stifle competition (Doc. 1, p. 5)." The complaint is notably barren of allegations identifying other actors--such as another bank or insurance company-- that was party to the alleged conspiracy. In the light most favorable to Plaintiffs, the Sherman Act claims are not plausible.

**Bank Holding Company Act**

Plaintiffs allege that Defendant violated the Bank Holding Company Act's prohibition of a bank conditioning credit on a customer not "obtain[ing] some other credit, property, or service from a competitor of such bank . . ." 12 U.S.C. § 1972 (1) (E).

Although Plaintiffs allege that Defendant conditioned the extension of credit on customers not using Professional Title's services, they have not alleged that Professional Title or any other Plaintiff is a competitor of Defendant. From the facts as presented by Plaintiffs, it is not plausible that a Defendant who was engaged in the business of banking was also engaged in the title insurance or farming industries. The competitor requirement of Section 1972 (E) is not met.

**Tortious Interference with Prospective Business Advantage**

The elements of tortious interference with a business relationship are (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship. *Gossard v. Adia Servs.*, 723 So. 2d 182, 184 (Fla. 1998).

Here, Plaintiffs offer threadbare allegations which amount to a recitation of elements. Even assuming that Defendant prohibited its customers from using Professional Title's services as a condition of receiving a loan, this is not actionable. A bank has the right to designate the source of title insurance that it will accept for its loans. A bank in the circumstances of Defendant would be justified in directing its borrowers to other title insurers given the dispute between the parties. That is, as Plaintiffs acknowledge, Professional Title and Defendant disputed whether the non-transferable easement should have been listed as an exception to the title of the "landlocked" parcel. This dispute led to other litigation and is ample justification for Defendant's actions.

There is no evidence that Defendant went beyond its own customers to restrict Professional Title's business.

**Fraudulent Claim on Title Insurance Policy**

Allegations of fraud are subject to heightened pleading standards. Fed. R. Civ. P. 9 (b). Heightened pleading is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

Plaintiffs' complaint falls woefully short of this standard.

**Unjust Enrichment**

The elements of an unjust enrichment claim are (1) a benefit conferred upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit and; (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1242, n.4 (Fla. 2004).

Here, Plaintiffs suggest that Defendant "is entitled to only one recovery" and has already "obtained a [deficiency] judgment against [Mr.] Alvis and Avest." Allowing

more than one recovery, the Plaintiffs allege, would leave the Defendant "unjustly enriched by entitlement to payment twice for the same damage (Doc. 1, p. 7)." However, Plaintiffs do not allege that the judgment has been satisfied. Until the judgment it is satisfied, no benefit has been conferred to Defendant.

Accepting all factual allegations in the complaint as true and in the light most favorable to Plaintiff, none of the claims are plausible. Significant factual allegations are missing that leave all claims subject to dismissal.

**IT IS ORDERED:**

1. The Motion to Dismiss (Doc. 38) is **GRANTED without prejudice**.
2. Defendant is granted leave to amend the complaint not later than March 21, 2011.
3. All pending motions are denied as moot.

**ORDERED** on March 9, 2011

    /S/ Richard Smoak
    **RICHARD SMOAK**
    **UNITED STATES DISTRICT JUDGE**